UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHAN I. CHANG and HYUN JU CHANG, individually and on behalf of others similarly situated,** | * * * * | |
| **VERSUS** | * * | **CIVIL ACTION NO.:** |
| | | **MAGISTRATE:** |
| **SAM MOON TRADING ENTERPRISES, LTD.** | * * | **JUDGE:** |

*************************************************************************

## COMPLAINT – COLLECTIVE ACTION

Plaintiffs, Chan I. Chang and Hyun Ju Chang, individually and on behalf of all others similarly situated, bring this Complaint against Defendant Sam Moon Trading Enterprises, Ltd., and allege as follows:

### OVERVIEW

1. Plaintiffs bring claims to recover unpaid overtime compensation under § 216(b) of the FLSA. They bring these claims as a collective action on behalf of current or former employees of Defendant from three (3) years before the filing of this Complaint to the present, who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

2. Plaintiffs seek recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

### PARTIES

3. Plaintiff Chan I. Chang is a major individual, domiciled in Lewisville, Denton County, Texas.

4. Plaintiff Chan I. Chang worked for Defendant from approximately 2011 to January, 2022.

5. Plaintiff Hyun Ju Chang is a major individual, domiciled in Lewisville, Denton County, Texas.

6. Plaintiff Hyun Ju Chang worked for Defendant from approximately March, 2006 until December, 2021.

7. Plaintiffs have consented to filing this action. (Plaintiffs' Consent Forms are attached hereto as Exhibits "A" and "B").

8. The group of similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former assistant managers and sales associates of Sam Moon Trading Enterprises, Ltd., who worked at any time from three (3) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

9. Defendant Sam Moon Trading Enterprises, Ltd. ("Sam Moon" or "Defendant") is a Texas limited partnership located at 2605 Lyndon B. Johnson Freeway, Suite A, Dallas, Texas 75235. Sam Moon operates under the assumed name Sam Moon Trading Co.

10. The registered agent of Sam Moon is Daniel S. Moon, who may be served at the registered office located at 2605 Lyndon B. Johnson Freeway, Suite A, Dallas, Texas 75235.

## JURISDICTION AND VENUE

11. This case raises a federal question under the FLSA, 29 U.S.C. §201, *et seq.*, vesting this Court with original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

12. Venue is proper in this District and Division as Defendant is domiciled and conducts business in the Northern District of Texas, Dallas Division and a substantial part of the events giving rise to the claims asserted herein occurred within this District and Division.

**COVERAGE UNDER THE FLSA**

13. At all relevant times, Defendant was and has been Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

14. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

16. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

18. Defendant and Plaintiffs used phones, computers, materials, supplies and equipment that was manufactured in or purchased and shipped from states other than Texas, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions, all of which constitutes interstate commerce.

**FACTS**

19. Defendant operates retail stores that sell jewelry, handbags and accessories. (*See* http://sammoon.com – last visited 2/2/2022).

20. Defendant operates several retail stores in Texas, including Dallas, Frisco, Ft. Worth, Arlington, Shenandoah/Woodlands, and San Antonio. (*See* https://sammoon.com – last visited 2/2/202).

21. Like many others workers employed by Defendant, Plaintiffs were given the false title of assistant managers when in reality, Plaintiffs, like others, were nothing more than general laborers.

22. Plaintiff Chan I. Chang was purportedly paid a weekly "salary" of $720.00.

23. Plaintiff Hyun Ju Chang was purportedly paid a weekly "salary" of $500.00.

24. Plaintiffs were required to work Monday to Saturday from 9:00 a.m. until after the store closed at 7:00 p.m. Plaintiffs typically did not leave the store until 7:15 p.m.

25. Plaintiffs routinely worked in excess of forty (40) hours per workweek.

26. Defendant classified Plaintiffs and the FLSA Collective as exempt from the overtime requirement of the FLSA.

27. Defendant's classification of Plaintiffs and the FLSA Collective as overtime exempt was based on their title as "assistant manager" which is insufficient alone to establish Plaintiffs as exempt employees.

28. Plaintiffs' job duties primarily consisted of stocking shelves, cleaning floors, retail sales and otherwise maintaining the appearance of the premises.

29. Plaintiffs and the FLSA Collective were not paid sales commissions.

30. Defendant employed supervisors to whom Plaintiffs reported at the retail store.

31. Defendant's supervisors, and not Plaintiffs, were charged with supervision of employees who worked at the retail stores along with Plaintiffs.

32. Plaintiffs were not responsible for and had no authority to interview or select employees.

33. Plaintiffs were not responsible for and had no authority to set or adjust employee rates of pay.

34. Plaintiffs were not responsible for handling employee complaints or grievances.

35. Plaintiffs were not responsible for planning and controlling the store budget.

36. Plaintiffs were not responsible for monitoring or implementing legal compliance measures for Defendant's or its employees.

37. Any exempt duties performed by Plaintiffs were limited in scope and occurred only occasionally as compared with the non-exempt duties he performed on a daily basis.

38. Plaintiffs' salary was similar to Defendant's hourly employees gross pay for the kind of work performed by non-exempt employees.

39. In fact, Plaintiffs' pay was not truly a salary. Defendant deducted wages if Plaintiffs missed work during a pay period and thus, Plaintiffs' did not receive a predetermined amount regardless of the number of days and hours worked.

40. Plaintiffs and the FLSA Collective were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant paid a purported salary or hourly rate without overtime.

41. Plaintiffs and the FLSA Collective were all subject to Defendant's uniform policy of not paying proper overtime.

**FLSA VIOLATIONS**

42. Pursuant to 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for all hours worked over forty (40) in a workweek.

43. Employers such as Defendant can pay non-exempt employees, such as Plaintiffs the FLSA Collective, on a salary basis *provided* the employee receives overtime pay for all hours worked in excess of forty (40) in a workweek, as required by 29 C.F.R. §778.113.

44. Defendant misclassified Plaintiffs the FLSA Collective as exempt from the overtime provisions of the FLSA as his job duties did not qualify for any overtime exemption.

45. Defendant violated the FLSA by not paying Plaintiffs the FLSA Collective overtime.

46. Defendant knowingly, willfully or in reckless disregard of the law maintained the above-described illegal practice of misclassifying Plaintiffs and the FLSA Collective as exempt

from the overtime requirements of the FLSA and failing to pay overtime compensation for all hours worked over forty (40) over the past three (3) years.

47. Plaintiffs and the FLSA Collective are entitled to recover unpaid overtime for all hours worked in a workweek over forty (40).

48. Plaintiffs and the FLSA Collective are also entitled to liquidated damages, attorneys' fees, costs and legal interest on all amounts owed.

## COLLECTIVE ACTION ALLEGATIONS

49. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying employees like Plaintiffs and the FLSA Collective overtime as required by law.

50. Plaintiffs are aware of other current or former employees of Defendant who were subject to the same payroll practice.

51. Defendant's practice and policy of not paying overtime affects Plaintiffs and the FLSA Collective similarly and is a willful violation of the FLSA.

52. The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

53. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the FLSA Collective are similarly situated.

54. Plaintiffs and the FLSA Collective all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

55. The specific job titles or precise job requirements of the FLSA Collective do not prevent proceeding collectively. All of Defendant's hourly employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

56. Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

57. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the FLSA Collective proper overtime compensation for hours worked over forty (40).

58. The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the FLSA.

## JURY DEMAND

59. Plaintiffs and the FLSA Collective are entitled to and request trial by jury on all issues raised herein.

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Damages (including all unpaid overtime compensation and all unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

d. Liquidated damages and penalties to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

Respectfully Submitted:

By: __/s/ Scott E. Brady__
Philip Bohrer
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Texas   70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Jay D. Ellwanger
jellwanger@equalrights.law
David Henderson
dhenderson@equalrights.law
ELLWANGER LAW LLLP
400 S. Zang Blvd., Suite 600
Dallas, Texas 75208
Telephone/Fax: (737) 808-2260

8